**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO.  14-22602-CIV-ALTONAGA/O'Sullivan**

**DAVID TREECE**,

      Plaintiff,

v.

**JP MORGAN CHASE BANK,
N.A.**,

      Defendant.

_____/

## <u>ORDER</u>

     **THIS CAUSE** came before the Court upon Defendant, JPMorgan Chase Bank, N.A.'s

("Chase['s]") Motion for Summary Judgment . . . ("Motion") [ECF No. 44], filed May 5, 2015.

In support, Chase filed a Statement of Undisputed Material Facts . . . ("Chase SUMF").  (*See*

Mot. 2–8).  David Treece ("Treece") and Luis Gonzalez ("Gonzalez") (collectively, "Plaintiffs"),

filed a Response to Defendant's Motion . . . ("Response") [ECF No. 50-1], and Statement of

Material Facts in Opposition . . . ("Plaintiffs' Response to Chase SUMF") [ECF No. 50].  Chase

filed a Reply . . . ("Reply") [ECF No. 55].   The Court has carefully considered the parties'

written submissions, the record, and applicable law.

## I. BACKGROUND

     This Order assumes the reader is familiar with the case and the Court's earlier Orders,

and consequently contains an abbreviated discussion of the facts and issues.  In its Amended

Complaint [ECF No. 28], Plaintiffs alleged four claims against Chase, Lexington Insurance

Company ("Lexington"), and Bank of America, N.A. ("BoA") (collectively, "Defendants"),

challenging "unlawful actions" taken by the Defendants in force-placing insurance on Plaintiffs'

home when such insurance was not required by the mortgage agreement, including practices among Defendants related to giving and receiving kickbacks for the procurement of expensive and unnecessary force-placed insurance policies.  (*Id.* 2).  On October 31, 2014, the Court dismissed Counts II and III of the Amended Complaint, the only claims involving Lexington and BoA.  (*See* Oct. 31 Order [ECF No. 35]).  In its Motion, Chase moves for summary judgment on the remaining counts: Count I, breach of implied covenant of good faith and fair dealing; and Count IV, violation of the Florida Consumer Collection Practices Act ("FCCPA").  In their Response — despite noting several disputed issues of material fact — Plaintiffs insist a trial is not necessary and the Court should award summary judgment in their favor.  (*See* Resp. 16).

## II. LEGAL STANDARD

Summary judgment is to be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56(a), (c).  "[T]he court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment."  *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995) (alteration added; internal quotation marks omitted)).  "An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case."  *Burgos v. Chertoff*, 274 F. App'x 839, 841 (11th Cir. 2008) (quoting *Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (internal quotation marks omitted)).  "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Channa Imps., Inc. v. Hybur, Ltd.*, No. 07-21516-CIV, 2008 WL 2914977, at *2 (S.D. Fla. Jul. 25, 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

CASE NO.  14-22602-CIV-ALTONAGA

The movant's initial burden on a motion for summary judgment "consists of a responsibility to inform the court of the basis for its motion and to identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (alterations and internal quotation marks omitted)).  "[T]he plain language of Rule 56 mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012) (quoting *Celotex*, 477 U.S. at 322 (alteration and internal quotation marks omitted)).

### III. ANALYSIS

#### A.  Count I: Breach of Implied Covenant of Good Faith and Fair Dealing

Count I states a claim for breach of implied covenant of good faith and fair dealing.  (*See* Am. Compl. 13).  "Under Florida law, every contract contains an implied covenant of good faith and fair dealing, requiring that the parties follow standards of good faith and fair dealing designed to protect the parties' reasonable contractual expectations."  *Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F.3d 1146, 1151 (11th Cir. 2005) (citation omitted).  "[W]here the terms of the contract afford a party substantial discretion to promote that party's self-interest, the duty to act in good faith nevertheless limits that party's ability to act capriciously to contravene the reasonable contractual expectations of the other party."  *Cox v. CSX Intermodal, Inc.*, 732 So. 2d 1092, 1097–98 (Fla. 1st DCA 1999) (alteration added; citation omitted).  To succeed on a claim for breach of the implied covenant of good faith in Florida, "a plaintiff must .

. . [show] that 'an express term of a contract was violated.'"  *Hamilton v. SunTrust Mortg. Inc.*, 6 F. Supp. 3d 1300, 1310 (S.D. Fla. 2014) (alterations added; quoting *Medinis v. Swan*, 955 So. 2d 595, 597 (Fla. 2d DCA 2007)); *see Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1329 (11th Cir. 2012) (same).

Plaintiffs maintain Chase breached the implied covenant of good faith and fair dealing by, *inter alia*, "[a]lleging that windstorm insurance was mandatory per the contract when it is not;" "[f]abricating false claims about a previous windstorm policy expiring when there never was a prior windstorm policy;" and "[u]sing their discretion to choose an insurance policy in bad faith and in contravention of the parties' reasonable expectations, by purposefully selecting exorbitantly-priced force-placed insurance policies to maximize their own profits."  (Am. Compl. 14 (alterations added)).  Chase argues it is entitled to summary judgment because Plaintiffs fail to demonstrate Chase violated an express term of the Mortgage (*id.* Ex. A [ECF No. 28-1]), and prohibiting Washington Mutual Bank, FA ("WaMu") and Chase from requiring windstorm coverage for the subject property would contravene the express terms of the Mortgage.  (*See* Mot. 9–13).

As in the Court's October 31, 2014 Order — and despite Plaintiffs' Response, which contains many of the same confusing arguments and legal deficiencies as their first stricken response (*see* [ECF Nos. 48, 49]) — the Court finds the holding in *Persaud v. Bank of America, N.A.*, No. 14-21819-CIV, 2014 WL 4260853 (S.D. Fla. Aug. 27, 2014), applicable.  The property insurance provisions in the *Persaud* mortgage agreement and the Mortgage at issue here are identical, *see id.* at *1; as is the language in section 9 of the agreements, stating "Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property." *Id.* at *10; (Mortg. § 9).  The defendants in *Persaud* also raised the same arguments as Chase —

CASE NO.  14-22602-CIV-ALTONAGA

*see Persaud*, 2014 WL 4260853, at *10 ("Defendants contend Count II must be dismissed because Plaintiff has not identified any express terms breached; . . . section 5 of the Mortgage gave Defendants discretion to force-place insurance; and allowing this claim would override section 5 of the Mortgage and materially alter the Mortgage's express terms" (alteration added)) — which the Court rejected.  *See id.* at *10–11.

In light of its citation to the *Persaud* opinion (*see* Mot. 10), Chase's simultaneous insistence Plaintiffs have no cause of action for breach of implied covenant of good faith and fair dealing is perplexing.  "Simply because section 5 of the Mortgage is silent as to the standards the lender is to employ in exercising its discretion to provide force-placed insurance does not excuse [Chase] from the obligation to act in good faith."  *Persaud*, 2014 WL 4260853, at *10 (alteration added; citation omitted).  Furthermore, "[a]lthough the implied obligation of good faith cannot be used to vary the express terms of a contract, . . . , Plaintiff[s] do[] not seek to alter the Mortgage's terms.  Plainly, [they] seek[] to hold [Chase] accountable for not exercising [its] discretion in good faith."  *Id.* at *11 (alterations added; internal quotation marks and citation omitted).  *See also Hamilton*, 6 F. Supp. 3d at 1310 (finding "[p]laintiffs' claim clearly relates to the express provisions in the [p]laintiffs' mortgage contracts that gave SunTrust discretion to force-place insurance on [p]lantiffs' properties if coverage lapsed." (alterations added)).  Chase's request for summary judgment on this basis is denied.

Chase further argues it is entitled to summary judgment on Count I because Plaintiffs' claim as to oral representations by WaMu representatives is barred by Florida's banking statute of frauds, Florida Statute section 687.0304, which "bars any claim that is either directly or indirectly based on alleged oral representations not contained in the unambiguous written agreement."  (Mot. 14 (quoting *Silver v. Countrywide Home Loans, Inc.*, 760 F. Supp. 2d 1330,

5

1342 (S.D. Fla. 2011)).   However, the very premise of this argument — that there is an unambiguous written agreement — is flawed.   None of the loan documents at issue — the Mortgage, the Insurance and Escrow Impound Account Requirements (Treece Dep. Ex. 4 [ECF No. 46-2]), or the Forced-Placed Insurance Disclosure (Treece Dep. Ex. 5 [ECF No. 46-2]) — mentions "windstorm," let alone expressly states windstorm coverage is, or is not, required for the property.  (*See* Chase SUMF ¶¶ 37–38; Pls.' Resp. Chase SUMF ¶¶ 37–38).

These documents require the borrower to maintain "extended coverage" or "extended coverage policy (commonly known as DP1)."   (Chase SUMF ¶¶ 7, 13–16).   Chase argues "extended coverage" is a term of art used in insurance contracts, but admits "Florida does not define 'extended coverage.'"  (Defs.' Joint Mot. to Dismiss [ECF No. 30] 13 (relying instead on insurance commissions from various other states and governmental entities that define "extended coverage" to include wind insurance)).   The only evidence Chase relies on to prove "extended coverage" includes windstorm and hail coverage is an affidavit prepared by a Chase authorized signer specifically in support of Chase's Motion.  (*See* Chase SUMF ¶¶ 17–18; May 4, 2015 Aff. of Tisha Denney [ECF No. 46-5] ¶ 11 (stating, "Extended coverage policy, also known as DP1 extended coverage, includes windstorm and hail as covered perils.")).   In contrast, Plaintiffs rely on representations from their WaMu loan officer that extended coverage did not include windstorm, plus the fact Plaintiffs were able to close on their loan without proof of having a windstorm insurance policy.  (*See* Chase SUMF ¶ 40; Pls.' Resp. Chase SUMF ¶ 40).

Clearly, issues of material fact preclude the entry of summary judgment in favor of either party.   "Although contract interpretation is generally a question of law for the Court, if the contract contains ambiguities a question of fact for the jury may be presented."  *Nature's Prods., Inc. v. Natrol, Inc.*, 990 F. Supp. 2d 1307, 1314 (S.D. Fla. 2013) (alterations, internal quotation

marks, and citations omitted).  "A phrase in a contract is ambiguous when it is uncertain of meaning and disputed." *Laufer v. Norma Fashions, Inc.*, 418 So. 2d 437, 439 (Fla. 3d DCA 1982) (citation omitted).  Here, the provisions of the loan documents in question are ambiguous, and where the terms of a contract are ambiguous, "the intent of the parties is an issue of fact." *Bivens Gardens Office Bldg., Inc. v. Barnett Banks of Fla., Inc.*, 140 F.3d 898, 905 (11th Cir. 1998) (citations omitted).  To construe the disputed provisions in light of the parties' differing constructions, "the Court will have to delve into questions of intent and credibility, which are improper inquiries at the summary judgment stage."  *Onuss Ortak Nokta Uluslararasi Haberlesme Sistem Servis Bilgisayar Yazilim Danismanlik Ve Dis Ticaret Limited Sirketi v. Terminal Exch., LLC*, No. 09-80720-CIV, 2010 WL 5393488, at *7 (S.D. Fla. Dec. 21, 2010) (citations omitted); *see also Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1476 (11th Cir. 1991) (noting intent is a question of fact for the factfinder).

Chase presents several additional arguments relating to Count I.  First, Chase argues there is no evidence in the record to support Plaintiffs' assertion the amount of the force-placed windstorm insurance premium was unreasonable.  (*See* Mot. 17).  The Court is not persuaded by Chase's cavalier dismissal of evidence its imposition of a force-placed insurance with an annual premium of $51,406.05 (*see* Chase SUMF ¶ 32), increased Plaintiffs' monthly mortgage payments from $2,977.00 to $14,720.34; or Chase's argument that, had Plaintiffs "been aggressive about paying off their Loan and their mortgage payments been $8,000 a month, the force-placed insurance premium would have been more reasonable." (Mot. 16–17).  Moreover, Plaintiffs have insurance quotes they received for windstorm coverage for the property from Citizens Property Insurance Corporation with a $7,869.00 annual premium, and another quote

from Universal Property and Insurance Company with a $6,565 annual premium.[1]  (*See* Resp.
12–13).  Plaintiffs purchased the windstorm insurance policy from Citizens Property Insurance
Company, but then cancelled it a month later.  (*See* Chase SUMF ¶¶ 34–35).  A reasonable jury
could find the premium on the force-placed insurance selected by Chase was unreasonable based
on this evidence.

In light of the Court's prior reasoning and ultimate dismissal of Count III, Declaratory
Judgment (*see* Oct. 31 Order, 2), Chase argues Plaintiffs' request for declaratory relief in Count I
should likewise fail.  (*See* Mot. 18).  Plaintiffs do not disagree (*see* Resp. 14); therefore, this
issue is moot.  Plaintiffs do not, however, concur with Chase's assertion Plaintiffs cannot
establish they suffered any damage as a result of Chase's alleged breach of the covenant of good
faith and fair dealing.  (*See* Resp. 14–15).  Treece testified, as a result of Chase's breach, his
credit score "went down terribly" and two of his credit cards were cancelled (Treece Dep. Tr.
197); Treece's business reputation as a financial planner was negatively impacted (*see id.* 206–
07), and caused him to experience rejections and delays in contracting with insurance companies
(*see id.* 197); and Plaintiffs are behind on their mortgage (*see id.* 205).  Accordingly, the Court
does not agree "there is complete lack of record evidence to show that Borrowers suffered
damages" (Reply 6), or that summary judgment is appropriate on this basis.

---

[1] Treece testified about the price quotes during his deposition (*see* Treece Dep. Tr. [ECF No. 46-1] 167–
176; Treece Dep. Ex. 20 [ECF No. 46-4]), and they were submitted as exhibits by Chase in support of its
Motion.  (*See generally* Mot. Ex. A [ECF Nos. 46-1, 2, 3, 4]).  The question of whether these price quotes
are inadmissible hearsay is raised in a cursory fashion for the first time by Chase in its Reply brief (*see*
Reply 4), thereby eliminating Plaintiffs' opportunity to respond.  Based on the inadequate briefing of the
issue, the Court is not persuaded the price quotes cannot be supplied in admissible form at trial.  *See
Macuba v. Deboer*, 193 F.3d 1316, 1323 (11th Cir. 1999); *Jones v. UPS Ground Freight*, 683 F.3d 1283,
1294–95 (11th Cir. 2012) ("'[A] district court may consider a hearsay statement in passing on a motion
for summary judgment if the statement could be reduced to admissible evidence at trial or reduced to
admissible form[,]'" such as having the "declarant testify directly to the matter at trial." (alterations
added; citations omitted)).

CASE NO.  14-22602-CIV-ALTONAGA

**B.  Count IV: Violation of the FCCPA**

Without providing the legal standard Plaintiffs must meet to prove a FCCPA violation, or citing any legal authority, Chase asserts it is entitled to summary judgment on Count IV.  (*See* Mot. 19–20).  Based on the inadequate legal briefing, as well as the fact Chase's argument for summary judgment on Count IV is partially premised on its claim windstorm insurance was required under the clear terms of the Mortgage (*see* Mot. 19) — a premise the Court has rejected in its discussion of Count I — the Court denies summary judgment on Count IV.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Chase's Motion **[ECF No. 44]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 26th day of June, 2015.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

9